UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD LEE BASKIN,

      Plaintiff,

v.                                                   Case No.    2:26-cv-1064-KCD-NPM

CHIEF SHERIFF, et al.,

      Defendant.

                           /

## <u>ORDER OF DISMISSAL</u>

Before the Court is Plaintiff Edward Lee Baskin's *pro se* civil rights complaint. (Doc. 1.) Plaintiff, a prisoner of the Florida Department of Corrections, generally alleges that the named defendants conspired to falsely arrest him and steal his property. (*Id.*) He has not paid the filing fee and seeks to proceed *in forma pauperis*. (Doc. 2) Upon review, the Court dismisses this action under 28 U.S.C. § 1915(g) and as an abuse of the judicial process.

Under § 1915(g), a prisoner cannot proceed in forma pauperis if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner

litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." (citation omitted)).   And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727.

The Court takes judicial notice that Plaintiff has filed 40 federal lawsuits in the past five years in the Northern and Middle District of Florida, at least three of which were dismissed as frivolous, malicious, or failing to state claim upon which relief may be granted. In particular, the following cases qualify as "strikes" under section 1915(g):

- MDFL Case No. 5:21-cv-373-WWB-PRL, order dated July 22, 2021, dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)for failure to state a claim.

- NDFL Case No. 3:21-cv-601-MCR-HTC, order dated July 27, 2021, dismissing the complaint as malicious for abuse of the judicial process.

- NDFL Case No. 3:21-cv-698-MCR-HTC, order dated July 27, 2021, dismissing the complaint as malicious for abuse of the judicial process.

- NDFL Case No. 3:21-cv-700-LC-HTC, order dated July 29, 2021, dismissing the complaint as malicious for abuse of the judicial process.

Also, Plaintiff is not exempt from section 1915(g)'s three-strikes rule, as the complaint does not allege that he is in imminent danger of a serious physical injury. *Mitchell v. Nobles*, 873 F. 3d 869, 872 (11th Cir. 2017).

Moreover, despite having filed 40 lawsuits as a prisoner, when asked on

the complaint form whether he had filed other cases in federal or state court relating to the conditions of his imprisonment, Plaintiff stated that he had not. (Doc. 1 at 11-12.) When asked whether he had any cases dismissed under 28 U.S.C. § 1915(g), he once again falsely said no. (*Id.* at 10).[1] Thus, in addition to being subject to dismissal under § 1915(g), this case is also dismissed as malicious for abuse of the judicial process. *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915.").

The Court dismisses the complaint without prejudice under 28 U.S.C. § 1915(g) and for abuse of the judicial process. If Plaintiff wishes to pursue his claims, he must file a new complaint—under a new case number—and pay the full civil filing fee.

Accordingly, it is

**ORDERED:**

1.   The Complaint (Doc. 1) is **DISMISSED without prejudice.**

2.   The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, and close this file.

---

[1] *See Baskin v. Mayor*, No. 2:21-cv-648-JES-NPM, (M.D. Fla. Sep. 4, 2021) (dismissed under 29 U.S.C. § 1915(g)).

**ORDERED** in Fort Myers, Florida on April 15, 2026.

Kyle C. Dudek
United States District Judge